IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITITION TO DEFEND AFFIRMATIVE ACTION, INTEGRATION AND IMMIGRANT RIGHTS AND FIGHT FOR EQUITY BY ANY MEANS NECESSARY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENNEGER, in his official capacity as Governor of the State of California, REGENTS OF THE UNIVERSITY OF CALIFORNIA, and MARK YUDOF, in his official capacity as President of the University of California,<br><br>　　　　Defendants.<br>_____<br><br>WARD CONNERLY, AMERICAN CIVIL RIGHTS FOUNDATION, and CALIFORNIA ASSOCIATION OF SCHOLARS,<br><br>　　　　Proposed<br>　　　　Intervenor-Defendants. | Case No. 10-641 SC<br><br>ORDER RE: MOTION TO INTERVENE AND DEFENDANTS' MOTIONS TO DISMISS |

　　Plaintiffs Coalition to Defend Affirmative Action, et al. (collectively, "Plaintiffs") bring this action challenging the constitutionality of Section 31 of Article I of California's constitution ("Section 31"), as it applies to the student admission policies of the University of California. ECF No. 1 ("Compl.").

1  Section 31 prohibits California from granting preferential
2  treatment to "any individual or group on the basis of race, sex,
3  color, ethnicity, or national origin in the operation of public
4  employment, public education, or public contracting." Cal. Const.
5  art. I, § 31. It was added as an amendment to California's
6  constitution in 1996 by Proposition 209, a voter initiative. See
7  Compl. Named as Defendants are University of California President
8  Mark Yudof ("Yudof") and the Regents of the University of
9  California ("UC Regents") (collectively, "UC Defendants"), as well
10 as California Governor Arnold Schwarzenegger ("the Governor"). Id.
11      This is not the first challenge to the constitutionality of
12 Section 31 as it applies to the student admission policies of
13 California's state-run schools. In a pre-enforcement action
14 brought in 1996, the Ninth Circuit found Section 31 to be
15 constitutional. Coal. for Econ. Equity v. Wilson, 122 F.3d 692
16 (9th Cir. 1997). The Governor and UC Defendants have not brought a
17 motion to dismiss Plaintiffs' action under Coalition for Economic
18 Equity, however. Rather, the Governor and UC Defendants have filed
19 separate motions arguing that under the Eleventh Amendment, they
20 are immune from the suit and are not the proper defendants in this
21 action. ECF Nos. 8 ("Gov.'s Mot."), 9 ("Gov.'s Mem. of P. & A."),
22 30 ("Opp'n to Gov.'s Mot."), 33 ("Gov.'s Reply"), ("UC Defs.'
23 Mot."), 28 ("Opp'n to UC Defs.' Mot."), 34 ("UC Defs.' Reply").
24 The Governor argues that UC Defendants are the proper defendants,
25 Gov.'s Mem. of P. & A. at 5, 8-9, while UC Defendants argue that
26 the Governor is the proper defendant, UC Defs.' Mot. at 1-2.
27      Upon consideration of the parties' papers, and without
28 expressing an opinion on the ultimate issue in the case, the Court

finds that both the Governor and UC President Yudof are proper defendants in this action.  Neither the Governor nor Yudof are shielded by the Eleventh Amendment from defending this suit because they are both state officers sufficiently connected to the enforcement of Section 31 and because Plaintiffs seek only injunctive relief that does not implicate the state treasury.  Ex parte Young, 209 U.S. 123, 156-57 (1908), Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000). Yudof is sufficiently connected through his role as UC President. The Governor is sufficiently connected because under California's constitution, the Governor serves as an ex officio UC regent, Cal. Const. art. IX, § 9(a), and per the UC Regents' Bylaws, the Governor serves as President of the UC Regents -- a position distinct from Yudof's position as UC President.  Bylaw 21.2, Regents of Univ. of Cal. Bylaws.  However, because the UC Regents is a state entity, see Cal. Const. art. IX, § 9(a), it is immune under the Eleventh Amendment from defending this suit and is dismissed as a Defendant.  Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984).  The Court DENIES the Governor's motion to dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, finding that the Complaint sets forth sufficient facts to state a claim against the Governor and provides notice of this claim.

    Also before the Court is a fully briefed Motion to Intervene as defendants, filed by Ward Connerly ("Connerly"), former UC Regent and original sponsor of Proposition 209; American Civil Rights Foundation ("ACRF"); and California Association of Scholars ("CAS") (collectively, "Proposed Intervenors").  ECF Nos. 18

("Prop. Intervenors' Mot."), 29 ("Opp'n to Prop. Intervenors' Mot."), 35 ("Prop. Intervenors' Reply & Mot. to Strike"). Proposed Intervenors make this motion under Rules 24(a) and (b) of the Federal Rules of Civil Procedure. Proposed Intervenors attach to this motion a draft of a motion they intend to file if they are permitted to intervene, in which they argue that Plaintiffs' case should be dismissed in light of Coalition for Economic Equity, 122 F.3d 692. Prop. Intervenors' Mot. Ex. A ("Prop. Intervenors' Draft MTD").[1]

The Court finds that Connerly and ACRF may intervene as Defendant-Intervenors pursuant to Rule 24(a); Connerly and ACRF have filed a timely motion to intervene in which they assert an interest in this suit that may not be adequately represented by the Governor and the UC Defendants. Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 535, 527 (9th Cir. 1983). For these reasons, Connerly's and ACRF's motion to intervene is GRANTED. The Court DENIES CAS's motion to intervene under Rule 24(a) and (b), having found that CAS has failed to identify a substantial interest in the action.

For these reasons, the Court GRANTS IN PART and DENIES IN PART UC Defendants' Motion, DENIES the Governor's Motion, and GRANTS IN PART and DENIES IN PART Proposed Intervenors' Motion.

///

///

---

[1] Proposed Intervenors have also moved to strike Plaintiffs' Opposition as untimely. Prop. Intervenors' Reply and Mot. to Strike at 1. Plaintiffs' deadline to file their Opposition was Friday, July 2, 2010, and Plaintiffs filed it the following day. See Opp'n to Prop. Intervenors' Mot. Plaintiffs have apologized for this late filing and have made assurances that no other deadlines will be missed. ECF No. 38. Although the Court does not condone untimely filings and will not tolerate future missed deadlines by the Plaintiffs, the Court finds this error to be harmless and DENIES Proposed Intervenors' Motion to Strike.

4

The Defendants in this action shall be:

- o   ARNOLD SCHWARZENNEGER, in his official capacity as Governor of the State of California, and
- o   MARK YUDOF, in his official capacity as President of the University of California.

The Defendant-Intervenors in this action shall be:

- o   WARD CONNERLY, and
- o   AMERICAN CIVIL RIGHTS FOUNDATION.

The Court finds that the most pressing issue in this action is whether Plaintiffs' Complaint should be dismissed under Rule 12(b)(6), given the Ninth Circuit's opinion in <u>Coalition for Economic Equity</u>, 122 F.3d 692. Accordingly, the Court ORDERS Defendant-Intervenors to notice and file a motion to dismiss addressing this issue. This motion shall be heard by the Court on November 15, 2010, at 10 a.m., in Courtroom 1, 450 Golden Gate Avenue, San Francisco. The Status Conference scheduled for Thursday, September 16, 2010, is VACATED.

IT IS SO ORDERED.

Dated: August 25, 2010

_____
UNITED STATES DISTRICT JUDGE